IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CHESTER LOWE HUFF | § | |
|     TDCJ-CID #582855 | § | |
| v. | § | C.A. NO. C-11-149 |
| | § | |
| WARDEN NORRIS JACKSON | § | |

**OPINION GRANTING IN PART AND
DENYING IN PART PLAINTIFF'S MOTIONS IN LIMINE**

This is a civil rights action filed by a prisoner pursuant to 42 U.S.C. § 1983. Pending are Plaintiff's motions in limine. (D.E. 72). Plaintiff seeks a ruling on nine different matters in advance of trial. Defendant did not file any opposition to this motion. For the reasons that follow, this motion is GRANTED in part and DENIED in part.

## I. LEGAL STANDARDS FOR MOTIONS IN LIMINE

The Fifth Circuit has observed that "[m]otions in limine are frequently made in the abstract and in anticipation of some hypothetical circumstance that may not develop at trial." Collins v. Wayne Corp., 621 F.2d 777, 784 (5th Cir. 1980). Evidence should not be excluded in limine unless it is clearly inadmissible on all potential grounds. Hawthorne Partners v. AT&T Tech., Inc., 831 F. Supp. 1398, 1400 (N.D. Ill. 1993) (citing Luce v. United States, 469 U.S. 38, 41 n.4 (1984)). Evidentiary rulings, especially those addressing broad classes of evidence, should often be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in the proper context. Sperberg v. Goodyear Tire & Rubber Co., 519 F.2d 708, 712 (6th Cir. 1975); see also Starling v. Union Pac. R.R. Co., 203 F.R.D. 468, 482 (D. Kan. 2001) ("it is the better practice to wait until trial to rule on objections when admissibility substantially depends upon what facts may be developed there.") (citations omitted). "Denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion will

be admitted at trial.  Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded."  Hawthorne Partners, 813 F. Supp. at 1401.

## II.  RULINGS ON PLAINTIFF'S MOTIONS IN LIMINE

Plaintiff requests the Court to prohibit Defendant from introducing the following matters into evidence:

**1.     Any statements or documents which detail Plaintiff's or any witness's criminal history.  While the conviction that was the basis for Plaintiff's or a witness's most recent incarceration may be specified, the details of the crime or any prior convictions should not be discussed with or presented to the jury.  Fed. R. Evid. 402-404;** *see also* **Fed. R. Evid. 609(a)(1)(A).**

The Federal Rules of Evidence govern the admissibility of evidence generally.  See Fed. R. Evid. 401-04.  Irrelevant evidence is not admissible.  Fed. R. Evid. 402.  Similarly, unfairly prejudicial or misleading evidence is not admissible.  Fed. R. Evid. 403.  However, Rule 609(a) permits the admission of convictions as evidence in limited circumstances "to attack[] a witness's character for truthfulness."  Fed. R. Evid. 609(a).  Moreover, Rule 608(b) allows for the use of specific instances of conduct not resulting in a conviction on cross-examination under different circumstances.  Fed. R. Evid. 608(b).  While Rule 404(b) prohibits admitting evidence of prior acts to prove character, "in order to show that on a particular occasion the person acted in accordance with the character," evidence of other acts may be used for certain purposes, e.g., proving intent, motive, plan, knowledge, identity, opportunity, or lack of mistake.  Fed. R. Evid. 404(b); see also Lamar v. Steele, 693 F.2d 559, 561 (5th Cir. 1983) (addressing admission to show plan or motive).  These rules cannot be applied except in the context of specific evidence.

Plaintiff's request is overly broad and devoid of any specific context.  Accordingly,

Plaintiff's motion in limine is DENIED without prejudice subject to raising objections at trial.

**2.      Any evidence requested by Plaintiff in discovery but not produced by Defendant. Specifically, but not in limitation, any witness statements or documents, or portions thereof, withheld from Respondent during the discovery process. Fed. R. Civ. P. 37(c); Fed. R. Evid. 612-613, 801-802.**

This Court is vested with broad discretion to preserve the integrity and purpose of the pretrial scheduling order. Barrett v. Atlantic Richfield Co., 95 F.3d 375, 380 (5th Cir. 1996). The Federal Rules of Civil Procedure provide a list of potential sanctions for failing to comply with a scheduling order. Fed. R. Civ. P. 37(b)(2); accord Barrett, 95 F.3d at 380.

There is no reason to rule on this issue until presented in the context of the actual trial. In fashioning a sanction, a trial "court should impose only that sanction which is the least severe way to effect compliance with the court's discovery orders." United States v. Garrett, 238 F.3d 293, 298 (5th Cir. 2000) (citation omitted). The Fifth Circuit has explained that "[i]n exercising its discretion in considering the imposition of sanctions for discovery violations, a district court should consider the following factors: (1) the reasons why the disclosure was not made; (2) the amount of prejudice to the opposing party; (3) the feasibility of curing such prejudice with a continuance of trial; and (4) any other relevant circumstances." United States v. Garza, 448 F.3d 299-300 (5th Cir. 2006) (citations omitted). Moreover, it may be proper to allow the jury to draw a negative inference from the fact that evidence was not produced. See King v. Ill. Cent. R.R., 337 F.3d 550, 556 (5th Cir. 2003) (citation omitted); Caparatta v. Entergy Corp., 168 F.3d 754, 756 (5th Cir. 1999). Accordingly, Plaintiff's motion in limine is DENIED without prejudice.

3. **The testimony of any witness who was not disclosed or named by Defendant during the discovery process as a person with knowledge or as a possible witness. Fed. R. Civ. P. 37(c)(1).**

This Court is vested with broad discretion to preserve the integrity and purpose of the pretrial scheduling order. Barrett, 95 F.3d at 380. The Federal Rules of Civil Procedure provide a list of potential sanctions for failing to comply with a scheduling order. Fed. R. Civ. P. 37(b)(2); accord Barrett, 95 F.3d at 380.

There is no reason to rule on this issue until presented in the context of the actual trial. In fashioning a sanction, a trial "court should impose only that sanction which is the least severe way to effect compliance with the court's discovery orders." Garrett, 238 F.3d at 298. The Fifth Circuit has explained that "[i]n exercising its discretion in considering the imposition of sanctions for discovery violations, a district court should consider the following factors: (1) the reasons why the disclosure was not made; (2) the amount of prejudice to the opposing party; (3) the feasibility of curing such prejudice with a continuance of trial; and (4) any other relevant circumstances." Garza, 448 F.3d at 299-300. Moreover, it may be proper to allow the jury to draw a negative inference from the fact that evidence was not produced. See King, 337 F.3d at 556; Caparatta, 168 F.3d at 756. Accordingly, Plaintiff's motion in limine is DENIED without prejudice.

4. **Any statements or documents regarding Plaintiff's or a witness's disciplinary record while incarcerated, other than disciplinary events that occurred while Plaintiff or the witnesses were in administrative segregation or that resulted in Plaintiff or the witnesses initially being placed in administrative segregation during the relevant period. Fed. R. Civ. P. [sic] 402.**

The Federal Rules of Evidence govern the admissibility of evidence generally. See Fed. R. Evid. 401-04. Irrelevant evidence is not admissible. Fed. R. Evid. 402. Similarly, unfairly

prejudicial or misleading evidence is not admissible. Fed. R. Evid. 403. However, Rule 608(b) allows for the use of specific instances of conduct not resulting in a conviction on cross-examination under certain circumstances to attack or support a witness's character for truthfulness. Fed. R. Evid. 608(b). While Rule 404(b) prohibits admitting evidence of prior acts to prove character, "in order to show that on a particular occasion the person acted in accordance with the character," evidence of other acts may be used for certain purposes, e.g., proving intent, motive, plan, knowledge, identity, opportunity, or lack of mistake. Fed. R. Evid. 404(b); see also Lamar, 693 F.2d at 561. The admissibility of evidence of prior disciplinary proceedings will therefore depend on the context and purpose of its introduction.

Plaintiff's request is overly broad and devoid of any specific context. Accordingly, Plaintiff's motion in limine is DENIED without prejudice subject to raising objections at trial.

**5.** **Any reference or argument about the failure to call any person as a witness to testify in the present action, or to make reference to, comment on, or speculate before the jury about the substance of what the testimony of any absent witnesses would be. Fed. R. Evid. 402.**

In federal trials, one party may not complain that the other failed to call a witness equally available to both. United States v. Virgen-Moreno, 265 F.3d 276, 291 (5th Cir. 2001) (citation omitted); Nichols v. Scott, 69 F.3d 1255, 1284 (5th Cir. 1995) (citation omitted); see also Fifth Circuit Pattern Jury Instruction: Civil § 2.9 (2006) ("(Name of Witness) _____ was available to both sides. Thus [the plaintiff] [the defendant] cannot complain that (Witness) was not called to testify, because (Party) could have called (Witness)."). However, a witness is not equally available merely because either party could compel his or her presence. United States v. MMR Corp., 907 F.2d 489, 501-02 (5th Cir. 1990) (citation omitted). Other factors, including

relationship to the parties, may place such a witness particularly under one side's control. See Nichols, 69 F.3d at 1284 (citation omitted).

In federal courts, the uncalled witness rule allows a factfinder to draw a negative inference from a party's failure to call a witness only when that witness is "peculiarly within his power." Herbert v. Wal-Mart Stores, Inc., 911 F.2d 1044, 1046 (5th Cir. 1990) (per curiam) (citing Graves v. United States, 150 U.S. 118, 121 (1893)); Streber v. Comm'r of Internal Revenue, 138 F.3d 216, 221-22 (5th Cir. 1998). In Herbert, the Fifth Circuit explained that "we conclude that the uncalled-witness rule has no place in federal trials conducted under the Federal Rules of Evidence and the Federal Rules of Civil Procedure." 911 F.2d at 1047. However, the court also noted that "the rule has so frequently been either applied or referred to in dicta in this circuit since, as well as before, the adoption of the Federal Rules of Evidence, that it might be considered the law of the circuit." Id. at 1048-49.

Plaintiff's request lacks any context, including the control of any specific witness. Therefore, Plaintiff's motion in limine is DENIED without prejudice. However, to the extent Plaintiff seeks to prohibit Defendant from mentioning the anticipated testimony of an absent witness, Plaintiff's motion in limine is GRANTED.

**6.     Any attempt to elicit testimony from Plaintiff about communications with his attorneys.  Fed. R. Evid. 502.**

Not all communications with counsel are privileged. The attorney-client privilege applies to confidential communications made for the purposes of securing legal advice. United States v. Neal, 27 F.3d 1035, 1048 (5th Cir. 1994). The party asserting the attorney-client privilege bears the burden of proving it. United States v. Newell, 315 F.3d 510, 525 (5th Cir. 2002); United States v. Harrelson, 754 F.2d 1153, 1167 (5th Cir. 1985). "Blanket claims of

privilege are disfavored." Nguyen v. Excel Corp., 197 F.3d 200, 206 n.16 (5th Cir. 1999) (citations omitted). Furthermore, the privilege can be waived. See, e.g., Willy v. Administrative Review Bd., 423 F.3d 483, 497 (5th Cir. 2005); Newell, 315 F.3d at 525-26.

Plaintiff may assert the privilege at trial regarding a specific communication. Accordingly, plaintiff's motion in limine is DENIED without prejudice.

7. **Any comment from Defendant's attorney regarding his personal opinion about the credibility of any witness or the truth or falsity of any testimony or statement. Fed. R. Evid. 402-403.**

It is improper for an attorney to express his own opinion about the credibility of a witness. See, e.g., United States v. Morris, 568 F.2d 396, 401 (5th Cir. 1978) (citations omitted). Accordingly, Plaintiff's motion in limine is GRANTED.

8. **Any reading or reference to comments or statements of attorneys, other than questions to witnesses, contained in any deposition taken in this case. Fed. R. Evid. 402-404.**

The Federal Rules of Evidence govern relevance, as well as the admissibility of hearsay evidence, and of evidence that may unfairly prejudice Plaintiff. See Fed. R. Evid. 402-04, 803-05, 807. These rules need to be applied in the context of a specific statement to determine whether a hearsay statement is being made and whether an exception exists. Any such attempt to introduce hearsay evidence must be evaluated pursuant to those rules based on Plaintiff's timely objection. Accordingly, Plaintiff's motion in limine is DENIED without prejudice.

9. **Referring to the filing of this motion in limine or to any ruling by the Court in response to this motion. Fed. R. Evid. 402-403.**

The fact that evidence has been excluded cannot be relevant because it does not tend to make any material fact more or less probable. Fed. R. Evid. 401. For this reason, Plaintiff's motion in limine is GRANTED. See Niver v. Travelers Indem. Co. Of Ill ., 433 F. Supp. 2d 968,

998-99 (N.D. Iowa 2006).

## III.  CONCLUSION

For the foregoing reasons, Plaintiff's motions in limine, (D.E. 72), are DENIED in part and GRANTED in part.

ORDERED this 2nd day of January 2013.

                                                  BRIAN  L. OWSLEY
                                                  UNITED STATES MAGISTRATE JUDGE