IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CHESTER LOWE HUFF | § | |
|     TDCJ-CID #582855 | § | |
| v. | § | C.A. NO. C-11-149 |
| | § | |
| WARDEN NORRIS JACKSON | § | |

**OPINION GRANTING IN PART AND DENYING
IN PART DEFENDANT'S MOTIONS IN LIMINE**

This is a civil rights action filed by a prisoner pursuant to 42 U.S.C. § 1983. Pending are Defendant's motions in limine. (D.E. 75). Defendant seeks a ruling on thirteen different matters in advance of trial. Plaintiff filed a response to Defendant's motions in limine. (D.E. 78). For the reasons that follow, this motion is GRANTED in part and DENIED in part.

### I. LEGAL STANDARDS FOR MOTIONS IN LIMINE

The Fifth Circuit has observed that "[m]otions in limine are frequently made in the abstract and in anticipation of some hypothetical circumstance that may not develop at trial." Collins v. Wayne Corp., 621 F.2d 777, 784 (5th Cir. 1980). Evidence should not be excluded in limine unless it is clearly inadmissible on all potential grounds. Hawthorne Partners v. AT&T Tech., Inc., 831 F. Supp. 1398, 1400 (N.D. Ill. 1993) (citing Luce v. United States, 469 U.S. 38, 41 n.4 (1984)). Evidentiary rulings, especially those addressing broad classes of evidence, should often be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in the proper context. Sperberg v. Goodyear Tire & Rubber Co., 519 F.2d 708, 712 (6th Cir. 1975); see also Starling v. Union Pac. R.R. Co., 203 F.R.D. 468, 482 (D. Kan. 2001) ("it is the better practice to wait until trial to rule on objections when admissibility substantially depends upon what facts may be developed there.") (citations omitted). "Denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion will

be admitted at trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." Hawthorne Partners, 813 F. Supp. at 1401.

## II. RULINGS ON DEFENDANT'S MOTIONS IN LIMINE

Defendant requests the Court to prohibit Plaintiff from introducing the following matters into evidence:

**1. Any statement that mentions or divulges, directly or indirectly, the fact that Defendant may or may not be covered by some type of indemnification or is otherwise insured with respect to the occurrence in question. Fed. R. Evid. 402-403, 411.**

Rule 411 of the Federal Rules of Evidence makes evidence of liability insurance inadmissible to prove "the person acted negligently or otherwise wrongfully." Fed. R. Evid. 411; accord Reed v. Gen'l Motors Corp., 773 F.2d 660, 663 (5th Cir. 1985). However, evidence of insurance is admissible when offered for other purposes, such as to prove control or bias. The admissibility of such statements will depend on the context and purpose of their introduction. Furthermore, Rule 411 applies only to liability insurance, not all types of indemnification. See DSC Commc'ns Corp. v. Next Level Commc'ns, 929 F. Supp. 239, 242-43 (E.D. Tex. 1996).

Defendant's request is overly broad and devoid of any specific context. Accordingly, defendant's motion in limine is DENIED without prejudice subject to his raising objections at trial.

**2. Any comment on the failure of Defendant to call witnesses who are subject to subpoena and available to any party in this case. Fed. R. Evid. 402-403.**

In federal trials, one party may not complain that the other failed to call a witness equally available to both. United States v. Virgen-Moreno, 265 F.3d 276, 291 (5th Cir. 2001) (citation

omitted); Nichols v. Scott, 69 F.3d 1255, 1284 (5th Cir. 1995) (citation omitted); see also Fifth Circuit Pattern Jury Instruction: Civil § 2.9 (2006) ("(Name of Witness) _____ was available to both sides.  Thus [the plaintiff] [the defendant] cannot complain that (Witness) was not called to testify, because (Party) could have called (Witness).").  However, a witness is not equally available merely because either party could compel his or her presence.  United States v. MMR Corp., 907 F.2d 489, 501-02 (5th Cir. 1990) (citation omitted).  Other factors, including relationship to the parties, may place such a witness particularly under one side's control.  See Nichols, 69 F.3d at 1284 (citation omitted).

In federal courts, the uncalled witness rule allows a factfinder to draw a negative inference from a party's failure to call a witness only when that witness is "peculiarly within his power."  Herbert v. Wal-Mart Stores, Inc., 911 F.2d 1044, 1046 (5th Cir. 1990) (per curiam) (citing Graves v. United States, 150 U.S. 118, 121 (1893)); Streber v. Comm'r of Internal Revenue, 138 F.3d 216, 221-22 (5th Cir. 1998).  In Herbert, the Fifth Circuit explained that "we conclude that the uncalled-witness rule has no place in federal trials conducted under the Federal Rules of Evidence and the Federal Rules of Civil Procedure."  911 F.2d at 1047.  However, the Herbert court noted that "the rule has so frequently been either applied or referred to in dicta in this circuit since, as well as before, the adoption of the Federal Rules of Evidence, that it might be considered the law of the circuit."  Id. at 1048-49.

Defendant's request lacks any context, including the control of any specific witness.  Therefore, Defendant's motion in limine is DENIED without prejudice.

**3.     Any comment regarding the amount of resources, money, investigators, experts, etc., that were used by Defendant in the defense of this case.  Fed. R. Evid. 402-403.**

Statements regarding Defendant's expenditure of resources in this case cannot be

relevant because they do not tend to make any material fact more or less probable.  See Fed. R. Evid. 401.  Accordingly, Defendant's motion in limine is GRANTED.

**4.     Any comment on, reference to, or comparison of this case to the Rodney King case, the Abu Ghraib prison incident, the Ruiz class action lawsuit, or any other incident involving alleged violations of prisoners' rights, other than the incident involved in this lawsuit.  Such evidence has no probative value and serves only to inflame the jury.  Thus, any benefit from such evidence is outweighed by the danger of unfair prejudice.  Fed. R. Evid. 402-403.**

The Federal Rules of Evidence govern the admissibility of evidence generally.  See Fed. R. Evid. 401-04.  Irrelevant evidence is not admissible.  Fed. R. Evid. 402.  Similarly, unfairly prejudicial or misleading evidence is not admissible.  Fed. R. Evid. 403.  While Rule 404(b) prohibits admitting evidence of prior acts to prove character, "in order to show that on a particular occasion the person acted in accordance with the character," evidence of other acts may be used for certain purposes, e.g., proving intent, motive, plan, knowledge, identity, opportunity, or lack of mistake.  Fed. R. Evid. 404(b); see also Lamar v. Steele, 693 F.2d 559, 561 (5th Cir. 1983) (addressing admission to show plan or motive).  Although it is difficult to imagine how many of these topics could be addressed within the parameters of the Federal Rules of Evidence, these rules cannot be applied except in the context of specific evidence.

Defendant's request is overly broad and devoid of any specific context.  Accordingly, Defendant's motion in limine is DENIED without prejudice subject to raising objections at trial.

**5.     Any reference to actions of Defendant, other than those relating to the incident forming the basis of Plaintiff's claim in the instant lawsuit.  Fed. R. Evid. 402-404.  Specifically, Defendant objects to any reference or allegations by Plaintiff or his witnesses that Defendant has been sued or investigated for any reason on some other occasion.  Such evidence is of no probative value and is improper character evidence.  Fed. R. Evid. 404(b).  Further, the probative value, if any, of such evidence is outweighed by the danger of unfair prejudice.  Fed. R. Evid. 403.**

The Federal Rules of Evidence govern the admissibility of evidence generally.  See Fed. R. Evid. 401-04.  Irrelevant evidence is not admissible.  Fed. R. Evid. 402.  Similarly, unfairly prejudicial or misleading evidence is not admissible.  Fed. R. Evid. 403.  However, Rule 608(b) allows for the use of specific instances of conduct not resulting in a conviction on cross-examination under different circumstances.  Fed. R. Evid. 608(b).  While Rule 404(b) prohibits admitting evidence of prior acts to prove character, "in order to show that on a particular occasion the person acted in accordance with the character," evidence of other acts may be used for certain purposes, e.g., proving intent, motive, plan, knowledge, identity, opportunity, or lack of mistake.  Fed. R. Evid. 404(b); see also Lamar, 693 F.2d at 561 (addressing admission to show plan or motive).  These rules cannot be applied except in the context of specific evidence.

Defendant's request is overly broad and devoid of any specific context.  Accordingly, Defendant's motion in limine is DENIED without prejudice subject to raising objections at trial.

**6.    Any comment on, reference to, or suggestion of any allegedly retaliatory acts or harassment of Plaintiff or any witnesses as a result of filing, pursuing, or participating in this lawsuit.  Fed. R. Evid. 402-403.**

The Federal Rules of Evidence govern the admissibility of evidence generally.  See Fed. R. Evid. 401-04.  Irrelevant evidence is not admissible.  Fed. R. Evid. 402.  Similarly, unfairly prejudicial or misleading evidence is not admissible.  Fed. R. Evid. 403.  While Rule 404(b) prohibits admitting evidence of prior acts to prove character, "in order to show that on a particular occasion the person acted in accordance with the character," evidence of other acts may be used for certain purposes, e.g., proving intent, motive, plan, knowledge, identity, opportunity, or lack of mistake.  Fed. R. Evid. 404(b); see also Lamar, 693 F.2d at 561 (addressing admission to show plan or motive).  These rules cannot be applied except in the

context of specific evidence.

Defendant's request is overly broad and devoid of any specific context. Accordingly, Defendant's motion in limine is DENIED without prejudice subject to raising objections at trial.

7. **Any comment on, reference to, or suggestion of any previous or subsequent disciplinary actions taken against Defendant for incidents that are not the basis of this lawsuit. Fed. R. Evid. 402-404.**

The Federal Rules of Evidence govern the admissibility of evidence generally. See Fed. R. Evid. 401-04. Irrelevant evidence is not admissible. Fed. R. Evid. 402. Similarly, unfairly prejudicial or misleading evidence is not admissible. Fed. R. Evid. 403. However, Rule 608(b) allows for the use of specific instances of conduct not resulting in a conviction on cross-examination under certain circumstances to attack or support a witness's character for truthfulness. Fed. R. Evid. 608(b). While Rule 404(b) prohibits admitting evidence of prior acts to prove character, "in order to show that on a particular occasion the person acted in accordance with the character," evidence of other acts may be used for certain purposes, e.g., proving intent, motive, plan, knowledge, identity, opportunity, or lack of mistake. Fed. R. Evid. 404(b); see also Lamar, 693 F.2d at 561. The admissibility of evidence of prior disciplinary proceedings will therefore depend on the context and purpose of its introduction.

Defendant's request is overly broad and devoid of any specific context. Accordingly, Defendant's motion in limine is DENIED without prejudice subject to raising objections at trial.

8. **Any testimony or argument regarding conclusions, speculation, and lay opinions as to the general character and reputation of Defendant. Fed. R. Evid. 402-404.**

The Federal Rules of Evidence govern the admissibility of evidence generally. See Fed. R. Evid. 401-04. Irrelevant evidence is not admissible, nor is unfairly prejudicial or misleading evidence. Fed. R. Evid. 402, 403. Rule 404(a) provides that evidence of a person's character or

a trait of character is not admissible for the purpose of proving action in conformity therewith. However, Rule 608(a) provides that opinion and reputation evidence may be used to attack or support a witness's truthfulness under certain circumstances. See also Fed. R. Evid. 405(a). The Federal Rules of Evidence require that opinion testimony by a lay witness be rationally based on the witness's perception and not based on scientific, technical or other specialized knowledge. Fed. R. Evid. 701; see also United States v. Riddle, 103 F.3d 423, 428 (5th Cir. 1997) (addressing Rule 701). These rules cannot be applied except in the context of specific evidence.

Defendant's request is overly broad and devoid of any specific context. Accordingly, Defendant's motion in limine is DENIED without prejudice subject to raising objections at trial.

9. **Any comment on, reference to, or argument concerning any settlement negotiations regarding the instant litigation or the content of such negotiations. Such evidence has no probative value. Fed. R. Evid. 402-404.**

Rule 408 of the Federal Rules of Evidence prohibits the admission of evidence that an attempt to settle was made, as well as "conduct or a statement made during compromise negotiations about the claim," for the purpose of establishing liability, the amount of the claim, or for impeachment purposes. Fed. R. Evid. 408(a). However, such evidence may be introduced for other purposes. Fed. R. Evid. 408(b); see also Basha v. Mitsubishi Motor Credit of Am., Inc., 336 F.3d 451, 454 n.4 (5th Cir. 2003) (discussing other reasons for admission).

Defendant's request is devoid of any specific context. Accordingly, Defendant's motion in limine is DENIED without prejudice.

10. **Any statement either: (a) referring to the filing of this motion, its contents, or the ruling of the Court on any item contained within it, or (b) suggesting or implying that the Defendant has moved to exclude proof on particular matters, or that this Court has excluded proof on particular matters.**

The fact that evidence has been excluded cannot be relevant because it does not tend to

make any material fact more or less probable. Fed. R. Evid. 401. For this reason, Defendant's motion in limine is GRANTED. See Niver v. Travelers Indem. Co. Of Ill., 433 F. Supp. 2d 968, 998-99 (N.D. Iowa 2006).

11. **Any hearsay statement(s), either by tender, reference, reading from, offer, exhibit, or report from any witness who is not present in court to testify and thereby subject to examination by Defendant's counsel; this includes any hearsay statement(s), oral or written, of any inmate or correctional officer not present to testify, as well as any doctor, nurse, or any other medical personnel or any reference to the probable testimony of such a witness. Fed. R. Evid. 802.**

The Federal Rules of Evidence govern relevance, the admissibility of hearsay statements, as well as any evidence that may unfairly prejudice plaintiff. See Fed. R. Evid. 402-04, 803-05, 807. These rules need to be applied in the context of a specific statement to determine whether a hearsay statement is being made and whether an exception exists. Any such attempt to introduce hearsay evidence must be evaluated pursuant to those rules based on Defendant's timely objection. Accordingly, Defendant's motion in limine is DENIED without prejudice.

12. **Any comment on, reference to, suggestion, or argument that Defendant is or ought to be liable because any proven or alleged violation of an internal TDCJ rule. Such evidence or argument misrepresents the correct legal standard for any claim in this lawsuit and as such it would be irrelevant, immaterial, and highly prejudicial. Fed. R. Evid. 402-404.**

The Federal Rules of Evidence govern the admissibility of evidence generally. See Fed. R. Evid. 401-04. Irrelevant evidence is not admissible. Fed. R. Evid. 402. Similarly, unfairly prejudicial or misleading evidence is not admissible. Fed. R. Evid. 403. While Rule 404(b) prohibits admitting evidence of prior acts to prove character, "in order to show that on a particular occasion the person acted in accordance with the character," evidence of other acts may be used for certain purposes, e.g., proving intent, motive, plan, knowledge, identity, opportunity, or lack of mistake. Fed. R. Evid. 404(b); see also Lamar, 693 F.2d at 561. These

rules cannot be applied except in the context of specific evidence.

Defendant's request is overly broad and devoid of any specific context.  Accordingly, Defendant's motion in limine is DENIED without prejudice.

**13.     Any comment on or interpretation by the Plaintiff of any medical record, any medical condition, any medical terminology, or any medical treatise other than his own present sense personal physical perception of an event or condition.  Plaintiff lacks the foundation to interpret or comment upon medical records, medical terminology, or medical conditions to the jury.  Plaintiff lacks the education and medical training required to interpret or comment upon medical records, explain medical terminology, or to explain any medical condition to a jury.  Such testimony is pure speculation as well as improper opinion testimony.  Fed. R. Evid. 601, 602, 701, 702.  Moreover, such evidence has no probative value and serves only to inflame or confuse the jury; any benefit from such evidence is substantially outweighed by the danger of unfair prejudice to the Defendant.  Fed. R. Evid. 402-403.**

The Federal Rules of Evidence require that opinion testimony by a lay witness be rationally based on the witness's perception and not based on scientific, technical or other specialized knowledge.  Fed. R. Evid. 701; see also Riddle, 103 F.3d at 428 (addressing Rule 701).  Rule 702 of the Federal Rules of Evidence allows expert testimony only when a witness is qualified as an expert by knowledge, skill, experience, training, or education.  Fed. R. Evid. 702.

However, Defendant's request is overly broad insofar as it suggests that "[a]ny comment ... by the Plaintiff of any medical record, or any medical condition ... other than his own present sense personal physical perception" would be "speculative" and represent "improper opinion."  Rule 701 requires of a lay opinion only that it "be based on personal perception ..., be one that a normal person would form from those perceptions, and ... be helpful to the jury."  Riddle, 103 F.3d at 428 (internal quotation marks and citation omitted).  Moreover, "[t]he distinction between lay and expert testimony is that lay testimony results from a process of reasoning familiar in everyday life, whereas expert testimony results from a process of reasoning that can

only be mastered by specialists in the field." United States v. York, 600 F.3d 347, 360-61 (5th Cir. 2010) (citation omitted). Lay commentary on an individual's medical condition can, under certain circumstances, meet these standards. Indeed, it is certainly conceivable that a witness might have relevant opinions regarding injuries which he derived "from a process of reasoning familiar in everyday life." Id. at 360. Objections to potential commentary on specific issues can be addressed at trial.

Accordingly, Defendant's motion in limine is GRANTED to the extent that it seeks to exclude Plaintiff and other lay witnesses from offering expert medical testimony, and DENIED without prejudice in all other respects.

### III.  CONCLUSION

For the foregoing reasons, Defendant's motions in limine, (D.E. 75), are DENIED in part and GRANTED in part.

ORDERED this 2nd day of January 2013.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE